UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CESAR EDUARDO DE CARVALHO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )        2:08-cr-00088-DBH |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255/*CORAM NOBIS* PETITION**

In this action, Petitioner Cesar Eduardo De Carvalho, seeks relief from the criminal judgment in this case, which judgment, including the sentence, he satisfied before he filed the petition.[1] (Petition, ECF No. 29.)  He argues that he is entitled to relief under *Padilla v. Kentucky*, --- U.S. ---, 130 S. Ct. 1473 (2010) (holding that counsel who fails to advise a non-citizen criminal defendant who is considering a guilty plea about the risk of deportation provides constitutionally ineffective assistance of counsel).  (Petition at 2.)  Petitioner alleges his attorney failed "to advise [him] that by accepting the plea he was subjected to deportation." (Petition at 2.)[2]  Because Petitioner is no longer in custody, jurisdiction under 28 U.S.C. § 2255(a) is lacking, and his motion

---

[1] Following his guilty plea, Petitioner was convicted in September 2008 of misuse of an authorized employment document, 18 U.S.C. § 1546(a), and the Court imposed a sentence of two years of probation.  (Judgment, ECF No. 27 at 1-2.) Jurisdiction was transferred to Florida in January 2009; the Court's order transferring jurisdiction reflects that probation was to terminate on September 21, 2010.  (Order, ECF No. 28.)  Petitioner signed his petition on March 15, 2016, and it was filed on March 21, 2016.  (Petition, ECF No. 29 at 1, 10.)

[2] In his petition, Petitioner made various other references to his counsel's alleged substandard conduct, which references demonstrate that Petitioner contends that his counsel did not discuss in any way the deportation issue.  For example, Petitioner asserts that his counsel "failed to inform him of the potential threat of deportation" (Petition at 2), that he was "not made aware of the consequences" of the plea (Petition at 4), that "his counsel provided ineffective assistance during the plea's process for failure to advise that there was a risk of deportation" (Petition at 5), and that his counsel "never mentioned to [him] that his plea would subject him to a 'virtually automatic' deportation" (Petition at 5).

is treated here as a petition for a writ of *coram nobis*.[3]  *See Chaidez v. United States*, --- U.S. ---, ---, 133 S. Ct. 1103, 1106 & n.1 (2013).[4]

The Supreme Court held in *Chaidez* that *Padilla* does not apply retroactively to cases in which a petitioner's conviction became final before *Padilla* was decided in 2010.  *Chaidez*, 133 S. Ct. at 1105.  Petitioner's conviction became final in 2008.  Because the Supreme Court's determination in *Padilla* that counsel must advise a criminal defendant about the risk of deportation resulting from a guilty plea is not retroactive to the final judgment in Petitioner's case, Petitioner is not entitled to relief based on his claim that his counsel failed to advise him that deportation was a possible consequence of his plea.  Accordingly, I recommend the Court deny the petition.

## CONCLUSION

Based on the foregoing analysis, Petitioner is not entitled to a writ of *coram nobis*.  Furthermore, to the extent that Petitioner seeks relief pursuant to 28 U.S.C. § 2255, an evidentiary

---

[3] Because the petition was filed as a "motion to vacate, set aside or correct" the sentence, and it was docketed accordingly as a 28 U.S.C. § 2255 motion, a preliminary review was conducted pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  This recommended decision is issued following that review.

[4] In *Chaidez v. United States*, --- U.S. ---, ---, 133 S. Ct. 1103, 1106 n.1 (2013), the Supreme Court noted:

> A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, like Chaidez, who is no longer "in custody" and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241.  *See United States v. Morgan*, [346 U.S. 502, 507] (1954).  Chaidez and the Government agree that nothing in this case turns on the difference between a *coram nobis* petition and a habeas petition, and we assume without deciding that they are correct.

*See also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it"); *Carafas v. LaVallee*, 391 U.S. 234, 238 & n.11 (1968) (discussing custody and jurisdiction).  In *United States v. Michaud*, 901 F.2d 5, 6-7 (1st Cir. 1990), the First Circuit noted that the custody requirements recognized in *Maleng* and *Carafas* apply to proceedings under section 2255, and the Court held: "Since custody, the essential statutory ingredient for initial jurisdiction, did not exist when the proceeding below commenced, § 2255 jurisdiction could not and did not attach."  For purposes of the pending petition, I assume, without deciding, as the Supreme Court did in *Chaidez*, "that nothing in this case turns on the difference between a *coram nobis* petition and a habeas petition."  *Chaidez*, 133 S. Ct. at 1106 n.1.

hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  I recommend that the Court deny Petitioner's motion under 28 U.S.C. § 2255(a).  I further recommend that the Court deny a certificate of appealability, pursuant to Rule 11 of the Rules Governing Section 2255 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of May, 2016.